1  **Russell Matsumoto #084949**
2  **FRAME & MATSUMOTO**
   **201 Washington Street**
3  **Post Office Box 895**
   **Coalinga, California 93210**
4  **Telephone (559) 935-1552**
   **Facsimile (559) 935-1555**

5  Attorneys for: Plaintiff VANCE AIRCRAFT, INC.

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANCE AIRCRAFT, INC., <br> Plaintiff, <br> v. <br> INTERNAL REVENUE SERVICE, a governmental agency; MOTSCHIEDLER, MICHAELIDES & WISHON, LLP, and DOES 1 through 10, inclusive, <br> Defendants. | Case No.: <br><br> **INTERPLEADER COMPLAINT** |

Plaintiff alleges:

1. Plaintiff is informed and believes and thereon alleges that the INTERNAL REVENUE SERVICE ("IRS") is a governmental agency with offices located in Fresno County, California.

2. Plaintiff is informed and believes and thereon alleges that MOTSCHIEDLER, MICHAELIDES & WISHON, LLP ("MM&W"), is a limited liability partnership doing business in the County of Fresno.

3. Does 1 through 10, inclusive, are sued herein under fictional names. Their true identities and capacities are unknown. When their names and capacities are ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and

1  believes, and thereon alleges, each fictionally named defendant is responsible for the
2  occurrences herein alleged. These fictionally named defendants in part, proximately
3  cause plaintiff's damages, as subsequently alleged.

4      4. This matter originates from a written agreement whereby the
5  Plaintiff agreed to pay a disputed sum to Hugh's Flying service. MM&W obtained an
6  assignment of those rights in exchange for a forgiveness of debts that Hugh's Flying
7  Service owed to MM&W. After written demand, MM&W filed an action on January 16,
8  2004, to collect the funds owing under the written agreement. On February 6, 2004,
9  MM&W and Plaintiff entered into a Settlement and Release Agreement. On
10 February 25, 2004, MM&W and Plaintiff entered into a Stipulation for Entry of
11 Judgment whereby Plaintiff agreed to pay to the order of MM&W the sum of $50,000
12 on or before December 31, 2004.

13     5. On December 27, 2004, the IRS served a Notice of levy on
14 Plaintiff demanding that any sums owing to Hughs Flying Service be paid to the IRS.

15     6. Plaintiff has thereto received demand from both the IRS and
16 MM&W for the same funds.

17     7. In addition, there may be other third parties that have claims to the
18 money.

19     8. Plaintiff alleges that it has no liability to the Defendants relating to
20 or arising out of Plaintiff's role as a holder of the above-referenced funds.

21     9. Each of Defendants have made claims and demands regarding the
22 manner in which the funds should be distributed. Each of them is claiming to be the
23 only person entitled to direct the distribution of the amount on deposit with Plaintiff.

24     10. By reason of these multiple, conflicting claims of the Defendants,
25 and each of them, Plaintiff is in great doubt as to which Defendant, if any, is entitled to
26 receive the above-referenced funds.

27     11. In order to protect the interests and claims of each Defendant to the
28 payment referenced above, and to protect the Defendants against claims filed by third

parties seeking to recover any or all of those proceeds, Plaintiff is seeking direction from the Court regarding the appropriate disposition thereof.

12. In conjunction with the filing of this complaint, Plaintiff will deposit the trust account balance at Frame & Matsumoto, in the amount of $50,000, with the court.

13. Plaintiff has incurred certain costs and expenses to file this action and seeks recovery of the same from the above-referenced funds.

WHEREFORE, Plaintiff prays judgment as follows:

1. That Plaintiff is absolved of any liability relating to the distribution and use of the above-referenced funds.

2. That Defendants, and each of them, be required to interplead between themselves their rights to the above-referenced funds and that Plaintiff be discharged from all liability to Defendants, and each of them, except to the person whom the court adjudges to be entitled to such amount;

3. For such other and further relief as the court may deem proper.

Dated: March 21, 2005                FRAME & MATSUMOTO


By:_____/s/_Russell Matsumoto_____
    Russell Matsumoto, Attorneys for
    Plaintiff VANCE AIRCRAFT, INC.

MOTSCHIEDLER, MICHAELIDES & WISHON, LLP

3

{02903/0003//142409.DOC}

**Interpleader Complaint**